1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 | TERRY RAY COLEMAN,                     )          No. C 13-0484 LHK (PR)
                                           )
12 |                    Plaintiff,          )          ORDER OF DISMISSAL
                                           )
13 |   vs.                                  )
                                           )
14 |                                        )
     COUNTY OF SAN MATEO, et al.,           )
15 |                                        )
                     Defendants.            )
16 |  _____ )

17        Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint

18 | pursuant to 42 U.S.C. § 1983.  Plaintiff's motion for leave to proceed in forma pauperis is

19 | granted in a separate order.  For the reasons stated below, the Court dismisses the complaint for

20 | failure to state a claim.

21                                  **DISCUSSION**

22 | A.     Standard of Review

23        A federal court must conduct a preliminary screening in any case in which a prisoner

24 | seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

25 | 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

26 | any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

27 | seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

28 | § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.13\Coleman484dis.wpd

1   *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

3   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

4   the alleged violation was committed by a person acting under the color of state law. *See West v.*

5   *Atkins*, 487 U.S. 42, 48 (1988).

6   B.   Legal Claims

7   Plaintiff names as Defendants the County of San Mateo, the San Mateo County Sheriff's

8   Department, the San Mateo County Coroner's Office, and Sergeant Linda Gibbons.  In his

9   statement of claim, Plaintiff writes, "My wife Kimberly Renee Johnson was murdered by her

10  nephew Andre Combs Jan. 2005." [Sic.]  As his request for relief, Plaintiff states that he wants

11  to be refunded for "what was taking out my wife bank account as well as safe deposit box all our

12  assets and for the lost of my wife body." [Sic.]

13  As presented, it is unclear what federal constitutional rights Plaintiff believes that

14  Defendants violated.  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain

15  statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not

16  necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and

17  the grounds upon which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations

18  omitted).  Although in order to state a claim, a complaint "does not need detailed factual

19  allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief'

20  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

21  of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the

22  speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations

23  omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on

24  its face." *Id.* at 1974.  Plaintiff must state "enough facts to state a claim for relief that is

25  plausible on its face." *Twombly*, 127 S. Ct. at 1974.  To state a claim arising under federal law, it

26  must be clear from the face of Plaintiff's complaint that there is a federal question. *See Easton v.*

27  *Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).

28  Further, Plaintiff has failed to link any named Defendant with his claim.  Liability may be

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.13\Coleman484dis.wpd          2

1  imposed on an individual defendant under 42 U.S.C. § 1983 if a plaintiff can show that a

2  defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*,

3  844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a constitutional right within the

4  meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or

5  omits to perform an act which he is legally required to do, that causes the deprivation of which

6  the plaintiff complains.  *See id.* at 633.

7       The Court notes that Plaintiff has previously filed two similar civil rights complaints: (1)

8  *Coleman v. Ulshoeffer, et al.*, No. 11-6209 LHK (N.D. Cal. filed Dec. 14, 2011), and (2)

9  *Coleman v. County of San Mateo, et al.*, No. 11-5728 LHK (N.D. Cal. filed Nov. 30, 2011).  The

10  Court takes judicial notice of the pleadings in both cases.  In *Coleman v. Ulshoeffer, et al.*,

11  Plaintiff alleged that Andre Combs murdered Plaintiff's wife, and Erica Ulshoeffer committed

12  fraud, theft, and forgery by taking all of Plaintiff's deceased wife's property, money, and assets.

13  Upon initial review, the Court pointed out that Plaintiff could not sue private actors in a Section

14  1983 claim, and dismissed the complaint with leave to amend.  Plaintiff did not file an amended

15  complaint, and the Court ultimately dismissed the action on May 23, 2012.  In *Coleman v.*

16  *County of San Mateo, et al.*, Plaintiff complained that the County and Sergeant Linda Gibbons

17  mishandled procedures regarding his deceased wife's body.  Upon initial review, the Court

18  pointed out that Plaintiff's complaint was deficient because it was unclear what federal right

19  Plaintiff was asserting, and dismissed the complaint with leave to amend.  Plaintiff did not file an

20  amended complaint, and the Court ultimately dismissed the action on May 23, 2012.  The

21  present complaint appears to combine portions of the previous two dismissed complaints,

22  without attempting to correct any deficiencies about which this Court already advised Plaintiff.

23       District courts must afford pro se prisoner litigants an opportunity to amend to correct

24  any deficiency in their complaints.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)

25  (en banc).  However, leave need not be granted where the amendment of the complaint would

26  cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in

27  futility, or creates undue delay.  *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir.

28  1994); *see also Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (recognizing that leave

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.13\Coleman484dis.wpd        3

1   to amend is not necessary when plaintiff can provide no set of facts in support of his claim that

2   would entitle him to relief) (citations and internal quotation marks omitted).  Here, the Court will

3   not grant leave to amend because, taking into consideration Plaintiff's previous complaints, it is

4   clear that such leave would be futile.

5                                          **CONCLUSION**

6        Plaintiff's complaint is DISMISSED with prejudice for failure to state a claim.

7        IT IS SO ORDERED.

8   DATED:   4/10/13

9                                          LUCY H. KOH
                                           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.13\Coleman484dis.wpd          4