IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERRY RAY COLEMAN, | ) | No. C 13-0484 LHK (PR) |
| Plaintiff, | ) ) | ORDER CERTIFYING THAT APPEAL IS NOT TAKEN IN |
| vs. | ) ) | GOOD FAITH |
| COUNTY OF SAN MATEO, et al., | ) ) ) | |
| Defendants. | ) ) | |

This is a Section 1983 action brought by a prisoner proceeding *pro se*. Plaintiff was granted leave to proceed in forma pauperis ("IFP"). On April 11, 2013, the Court dismissed the complaint for failure to state a claim. Although district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints, *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc), the Court noted that Plaintiff had previously filed two similar civil rights complaints: (1) *Coleman v. Ulshoeffer, et al.*, No. 11-6290 LHK (N.D. Cal. filed Dec. 14, 2011), and (2) *Coleman v. County of San Mateo, et al.*, No. 11-5728 LHK (N.D. Cal. filed Nov. 30, 2011). Both cases were dismissed on May 23, 2012, after Plaintiff forfeited the opportunity to amend the initial complaints by failing to prosecute the two cases.

Upon initial review, the underlying complaint in the instant case appeared to combine statements from both complaints in the above-referenced cases, but failed to correct the

Order Certifying that Appeal is Not Taken in Good Faith
G:\PRO-SE\LHK\CR.13\Coleman484ifpapp.wpd

1  deficiencies of which the Court had previously advised Plaintiff.  Thus, the Court dismissed the
2  instant action without granting leave to amend because, taking into consideration Plaintiff's
3  previous complaints, it was clear that such leave would be futile.
4        Plaintiff has now filed a notice of appeal.  The Ninth Circuit Court of Appeals has
5  referred the case to this Court for a determination as to whether plaintiff's IFP status should be
6  revoked.  Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides that a party granted
7  leave to proceed IFP in district court may continue in that status on appeal unless the district
8  court certifies that the appeal is not taken in good faith.  Section 1915(a)(3) of Title 28 of the
9  United States Code similarly provides that an appeal may not be taken IFP if the trial court
10 certifies it is not taken in good faith.  "Not taken in good faith" means "frivolous."  *Ellis v.*
11 *United States*, 356 U.S. 674, 674-75 (1958); *Hooker v. American Airlines*, 302 F.3d 1091, 1092
12 (9th Cir. 2002) (order).
13       This Court certifies that the instant appeal is frivolous and not taken in good faith.
14 Accordingly, Plaintiff's IFP status is hereby REVOKED.
15       The Clerk shall send a copy of this Order to the parties and to the Ninth Circuit Court of
16 Appeals.
17       IT IS SO ORDERED.
18 DATED: 6/3/13
                                              *Lucy H. Koh*
19                                            LUCY H. KOH
                                           United States District Judge
20
21
22
23
24
25
26
27
28

Order Certifying that Appeal is Not Taken in Good Faith
G:\PRO-SE\LHK\CR.13\Coleman484ifpapp.wpd   2